14238

STATE v. SINGLETON

(183 S. E., 910)

Messrs. *E. S. C. Baker* and *J. Reuben Long,* for appellant,

Messrs. *G. Lloyd Ford, Solicitor,* and *F. A. Thompson,* for the State,

February 25, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Minnie Singleton, the appellant, and Sherwood Rabon, were convicted at the June, 1935, term of the Court of General Sessions for Horry County of the murder of Julius Singleton, the husband of Minnie Singleton. They were recommended to the mercy of the Court and sentenced to

life imprisonment. Rabon has not appealed and is serving his sentence. Minnie Singleton has appealed upon four exceptions, which make two issues for this Court to decide; namely, that the presiding Judge erred and abused his discretion in not allowing appellant's counsel to further examine a certain witness; that his Honor erred in charging the jury as follows: "If you find Minnie Singleton guilty of manslaughter, then it would be your duty to acquit Rabon. If he acted in concert, the purpose was to take life without excuse, he would be guilty of murder. If you think she killed him and she was guilty of manslaughter; if she acted under heat and passion, under the testimony offered, you could not convict—you could convict her, but not the other. In order to convict Sherwood Rabon there must be some evidence that there was a conspiracy or a common purpose or design to take his life, without legal excuse. If you find that, you would find them both guilty of murder."

It is to be regretted that more of the testimony is not included in the record; only that of Rabon is reported and he is not appealing. The theory of the prosecution is that Rabon, an employee of Julius Singleton on his farm, and who lived in the house with Singleton and his wife, had become intimate with Minnie Singleton and that they conspired to kill Julius Singleton.

The first ground of appeal is predicated upon this occurrence; Rabon was testifying and had been examined in chief at length by Mr. Long, one of his counsel, he was then cross-examined at length by the solicitor and was again examined by Mr. Long and re-crossed by the solicitor; the Court interrupted the solicitor in his re-cross examination, saying: "I allowed you to cross-examine him fully. * * * I think you have had enough of it." Thereupon Mr. Long said: "May I ask him another question?" To which the Court replied: "No, I am not going to let you have any more examination. We have had enough of it. There has got to be an end of it."

It will be observed that the nature of the question which Mr. Long desired to ask is not set out in the record. It is the established rule that the examination of witnesses is necessarily left to the wise discretion of the Court, and will not be interfered with unless there is an abuse of discretion on the part of the Court. There is in this case no proof of an abuse of discretion by the learned and experienced Judge who presided at this trial. The exception is without merit and is overruled.

The second ground of appeal has been set out above in the language of the exception. It is alleged that under the charge as quoted the jury was required to find the appellant guilty of murder before it could convict her codefendant. Sherwood Rabon, of anything, and it was solely a question of fact for the jury to determine whether either or both of said defendants were guilty or not guilty, and of what degree of guilt, and that the charge of the Judge limited them in their finding and amounted to a charge upon the facts.

The gravamen of the alleged error is that the Judge should have left it to the jury to say whether there was any evidence which would justify the jury in finding Sherwood Rabon guilty of manslaughter. It must be borne in mind that Rabon is not making this complaint; he seems satisfied with the verdict and the sentence imposed upon him of life imprisonment. He does not charge the Judge with errors in his charge, and it seems a far cry for the appellant, Minnie Singleton, to claim that the language of the Judge's charge was inimical to her interests. The Judge had left it open to the jury to say whether she was guilty of murder or manslaughter or whether she should be acquitted on the plea of self-defense. The State had devoted its testimony to the purpose of proving a conspiracy between the defendants. Rabon denied any connection with the killing, and the appellant, Minnie Singleton, admitted that she killed her husband and that she did it because he had slapped

her while she was sick in bed and had threatened her life. As we have stated, only the testimony given by Rabon is set out in the record, and certainly in that is no evidence which would have justified the jury in finding Rabon guilty of manslaughter.

We have read with care the charge of the able and conscientious Judge who presided at this trial. We do not think there is in it any language which is open to the allegation of error that it is a charge upon the facts.

In the case of *State v. Nance,* 25 S. C., 168, 172, 173, the Supreme Court was considering the following language, which, it was alleged, was a charge upon the facts: " 'His Honor erred in charging the jury that a preponderance of testimony was necessary to establish the alibi or raise a reasonable doubt. And that there was no testimony as to self-defense, or such as would raise a question of manslaughter,' etc."

The Court said: "In charging the jury, a Judge cannot be expected to state the whole law which would often be confusing and misleading; but only such of it as is applicable to the facts proved."

After reviewing the evidence the Court said: "The whole trouble was caused by the three women, who were the aggressors from the beginning to the end. We cannot hold that the Judge erred in charging that there was no testimony as to self defense, or such as could raise a question of manslaughter."

In the case of *State v. Summers,* 19 S. C., 90, 94, the Court was considering allegations of error to the effect that the Judge had charged upon the facts. The Court said: "There is no more difficult duty imposed upon this Court than that of deciding questions which arise under this clause of the constitution. This difficulty arises from the vague, undefined nature of the subject. What is embraced in the right to 'state the testimony?' Who can fix with certainty the exact limit, and apply it satisfactorily to the infinite combination of circumstances which arise in the ad-

ministration of justice? If there is no testimony, the Judge undoubtedly has the right to say so; and it is as clearly his right and duty to classify and arrange the evidence under proper heads, that the jury may be the better enabled to apply the law to the facts. In the case of *State v. White*, 15 S. C., [381] 392, this Court stated the rule, as follows: 'While the Judge is not expected to confine himself to a mere statement or repetition of the testimony as it was delivered, but may place it before the jury in the order in which it relates to the propositions which it is adduced to support or contradict, by pointing out the questions of fact which arise, and calling the attention of the pury to the evidence applicable to such questions, yet he should carefully avoid expressing any opinion which he may have formed from the facts, leaving it for the jury to draw their own conclusions, unbiased by any impression which the testimony may have made upon the mind of the Judge' "

Judged by this standard, the charge of the presiding Judge in the present case is free of faults. There was no evidence indicative of conditions which pointed to the conclusion that Rabon, if guilty of any charge, was guilty of manslaughter. Certainly there is nothing in the charge which authorizes the appellant, Minnie Singleton, to claim that she is injured in this respect by it.

The exceptions are without merit, and the judgment of the Court below is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.